UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| THOMAS A. BOOTHROYD, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:05-CV-427 (VARLAN/GUYTON) |
| METLIFE GROUP INSURANCE, | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

This civil action is before the Court on defendant's Motion to Dismiss [Doc. 14], in which defendant moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), for the dismissal of plaintiff's claim of breach of contract filed against it. No response or opposition to the pending motion has been filed by plaintiff, and the time for doing so has passed. *See* E.D.TN. LR 7.1(a), 7.2. The Court has carefully considered the pending motion along with the supporting memorandum [Doc. 15] in light of plaintiff's amended complaint [Doc. 8] and the controlling law. For the reasons set forth herein, defendant's motions to dismiss will be granted.

**I.     Relevant Facts**

As the Court is required to do on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court will construe the amended complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and determine whether the plaintiff can

prove no set of facts in support of his claim that would entitle him to relief. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003).

Associated Housing, LLC ("Associated Housing") employed plaintiff, Thomas Boothroyd, beginning on or about May 21, 2001. [Doc. 8 at ¶ 4.] As an employee of Associated Housing, plaintiff was covered under the Citigroup Long Term Disability Plan (the "Plan"), Associated Housing's long-term disability insurance plan. [*Id.* at ¶ 6.] Defendant Metropolitan Life Insurance Company issued the group policy of insurance that funds the Plan. [Doc. 12 at ¶ 2.] Defendant states that the Plan is subject to the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, [Doc. 15 at 1] and plaintiff does not contest this point. According to defendant, the Plan provides the following:

> Whenever a claim is denied, you have the right to appeal the decision. You (or your duly authorized representative) must make a written request for appeal to the Claims Administrator within 60 days (180 days in the case of any claim for disability benefits) from the date you received the denial. If you do not make this request within that time, you will have waived your right to appeal.

[Doc. 16, Att. 1 at ¶ 4.]

Plaintiff became ill on or about January 7, 2003, and states that "he was unable to continue working." [Doc. 8 at ¶ 5.] As a result, plaintiff went out of work on long-term disability leave. [*Id.* at ¶ 6.] Plaintiff states that his long-term disability benefits were subsequently terminated by defendant some time in October 2004 "for no apparent reason." [*Id.*] In its memorandum in support of its motion to dismiss, defendant states that plaintiff's benefits were terminated on March 1, 2005 "for failure to attend a functional capacities

2

evaluation." [Doc. 15 at 2.] Defendant further states that it sent a letter to plaintiff informing him of the decision to terminate his long-term disability benefits and notes that this letter "apprised Boothroyd of his right to appeal the decision by sending a written request for appeal to MetLife within 180 days" in accordance with the terms of the Plan. [*Id.*] Defendant reports that it never received such a written request from plaintiff, and plaintiff does not deny this contention.

On May 19, 2006, plaintiff filed the amended complaint in this action, alleging that defendant's "discontinuation of the benefits provided was a breach of the employment contract between the Plaintiff and Associated Housing...." [Doc. 8 at ¶ 7.] Plaintiff seeks an order "estopping the Defendants from discontinuing the disability benefits previously promised in the conditions and terms of employment or subsequently to hiring" as well as damages for the denial of benefits. [*Id.* at ¶ 8(C)-(D).]

## II. Standard of Review

Defendant has moved to dismiss plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6). A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) should not be granted "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). All well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). While a court may not grant a Rule 12(b)(6) motion based on disbelief of a

complaint's factual allegations, *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990), the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). The Sixth Circuit has made it clear that despite the liberal system of notice pleading, "the essential elements of a plaintiff's claim must be alleged in more than vague and conclusory terms" if such a claim is to survive a Rule 12(b)(6) motion. *NicSand, Inc. v. 3M Co.,* 457 F.3d 534, 541 (6th Cir. 2006) (internal citations removed). The issue is not whether the plaintiff will prevail, but whether he or she is entitled to offer evidence to support his or her claim. *Chapman v. City of Detroit*, 80 F.2d 459, 465 (6th Cir. 1986). Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

**III.    Analysis**

Defendant argues that plaintiff's claim against it for breach of contract should be dismissed because this state law claim is preempted by section 514 of ERISA, and as a result, plaintiff was required to have exhausted his administrative remedies under the ERISA-regulated Plan before filing this lawsuit. Because plaintiff did not do so, defendant argues that plaintiff's claim must be dismissed with prejudice. The Court will address these contentions in turn.

A. Preemption

Section 514(a) of ERISA states in part that "the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title." 29 U.S.C. § 1144(a). Accordingly, the Sixth Circuit has repeatedly held that virtually all state law claims relating to an employee benefit plan are preempted by ERISA. *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 452 (6th Cir. 2003). In delineating what it means for a state law claim to "relate to" an employee benefit plan, the Supreme Court has stated the following:

> It follows that if an individual brings suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls 'within the scope of' ERISA....

*Aetna Health, Inc. v. Davilla*, 542 U.S. 200, 209 (2004) (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987)).

Other circuits have also discussed the distinction of when a state law claim falls within the scope of ERISA and is therefore preempted by that federal statutory scheme. Generally, state law claims are preempted where they seek to enforce rights under an ERISA plan or obtain damages for the wrongful withholding of those rights. *E.g.*, *Turner v. Fallon Community Health Plan, Inc.*, 127 F.3d 196 (1st Cir. 1997), *cert. denied*, 118 S. Ct. 1512 (U.S. 1998). More specifically, it has also been held that state law claims relate to an ERISA plan for preemption purposes where the alleged conduct at issue is intertwined with a refusal

5

to pay benefits. *Hall v. Blue Cross/Blue Shield of Alabama*, 134 F.3d 1063 (11th Cir. 1998).

Here, plaintiff is seeking an order from the Court "estopping the Defendants from discontinuing the disability benefits previously promised" as well as damages for the cessation of those benefits. [Doc. 8 at ¶ 8(C)-(D).] In this way, plaintiff's state law claim for breach of contract is inextricably tied to the ERISA-governed Plan under which plaintiff received, but was ultimately denied, long-term disability benefits. Accordingly, plaintiff's breach of contract claim is precisely related to the Plan at issue and is therefore preempted by ERISA's preemption provision.

B. <u>Exhaustion of Administrative Remedies</u>

Because plaintiff's claim of breach of contract is preempted and accordingly governed by ERISA, the Court will now address defendant's argument that plaintiff's claim should be dismissed on the grounds that he failed to exhaust his administrative remedies prior to filing this action in federal court. Given that plaintiff has filed no response to the pending motion to dismiss, it is undisputed that plaintiff has not, as set forth in the present record, exhausted his administrative remedies by appealing defendant's initial denial of benefits.

It is well-settled that the administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit. *Ravencraft v. Unum Life Ins. Co. of Am.*, 212 F.3d 341, 343 (6th Cir. 2000); *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 90 (6th Cir. 1997); *Miller v. Metropolitan Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir. 1991); *McFarland v. Union Cent. Life Ins. Co.*, 907 F. Supp. 1153, 1163 (E.D. Tenn. 1995); *Moffitt v. Whittle Comm.,L.P.*, 895 F. Supp. 961, 969 (E.D. Tenn. 1995). The purpose of this

exhaustion requirement is to "enable[] plan fiduciaries to 'efficiently manage their funds; correct their errors; interpret plan provisions; and assemble a factual record which will assist a court in reviewing the fiduciaries' actions.'" *Weiner*, 108 F.3d at 90 (quoting *Baxter v. C.A. Muer Corp.*, 941 F.2d 451, 453 (6th Cir. 1991)). In light of the undisputed fact that plaintiff has not exhausted his administrative remedies, and the 180-day time period for doing so has long since passed, the Court finds that defendant's motion to dismiss the amended complaint is well-taken and will be granted.

**IV. Conclusion**

For the reasons set forth herein, defendant's Motion to Dismiss [Doc. 14] is **GRANTED**, and plaintiff's claims are therefore dismissed.

The Clerk is directed to enter judgment accordingly.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
